IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK BURKE,

      Plaintiff,

                                      Cause No. 2:24-cv-00601 JHR-GBW

v.

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS,
and COREY HELTON,

      Defendants.

## JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held on April 17, 2025, at 10:00 a.m. and was attended by:

Benjamin Gubernick and Curtis Waldo for Plaintiff Patrick Burke;

Alan J. Dahl for Defendants Lea County Board of County Commissioners ("Lea County") and Sheriff Corey Helton.

## NATURE OF THE CASE

**Plaintiff Patrick Burke asserts that he was retaliated against by the Defendants for deciding to leave the employment of the Lea County Sheriff's Office ("LCSO") in 2021. Plaintiff contends that he was harassed by LCSO staff and Helton in retaliation for his planned departure, and that Helton has interfered with his employment and otherwise harassed and defamed him ever since. Plaintiff brings the following two claims:**

- **Violation of the New Mexico Civil Rights Act, NMSA 1978, § 41-4A-3 (against Lea County)**

- **Violation of the New Mexico Tort Claims Act, NMSA 1978, § 41-4-1 et seq. (against Helton)**

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file: **None.**

Plaintiff should be allowed until **May 16, 2025,** to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

Defendants intend to file: **None**

Defendants should be allowed until **June 16, 2025,** to move to amend the pleadings and to join additional parties in compliance with the requirements of Fed. R. Civ. P. 15(a).

## STIPULATIONS

The parties are willing to stipulate to the following facts:

- **Plaintiff was employed as a law enforcement officer with Lea County from April 13, 2015 to August 4, 2021.**

- **Plaintiff and Defendants are located in different states and the amount in controversy likely exceeds $75,000.00.**

The parties further stipulate and agree that the law governing this case is:

**Federal procedural law, the New Mexico Civil Rights Act (NMSA 1978, § 41-4A-1 et seq.) ("NMCRA"), and the New Mexico Tort Claims Act (NMSA 1978, § 41-4-1 et seq.) ("NMTCA").**

## PLAINTIFF'S CONTENTIONS:

Plaintiff's contentions are set forth in detail in his Complaint. In sum, Helton took Plaintiff's decision in August 2021 to leave the Lea County Sheriff's Office ("LCSO") as an act of personal disloyalty. Disloyalty is not acceptable to Helton, who has called Lea County "my county." Hence, Plaintiff got on Helton's "bad list," which meant Helton decided to use the resources available to him to harass Plaintiff and ruin Plaintiff's career.

The details of Helton's sabotage plan against Plaintiff are laid out in the Complaint, but Helton's actions included:

- Sending one of Helton's deputies, Chan Kim, to Plaintiff's house in Texas to yell at him and threaten him;

- Initiating a baseless IA investigation against Plaintiff;
- Trying to decertify Plaintiff as a law enforcement officer;
- Contacting Plaintiff's supervisor at his new job in Germany and telling the supervisor Plaintiff was not a certified law enforcement officer;
- Using his influence to blackball Plaintiff from other jobs back in New Mexico;
- Threatening Lovington PD to withhold valuable equipment if Lovington PD hired Plaintiff;
- At a Home Depot in Lea County, threatening Plaintiff with arrest if Plaintiff set foot again in Lea County.

Plaintiff contends the above actions constitute at a minimum violations of the NMCRA and NMTCA. As a result, Plaintiff has experienced mental anguish and lost or reduced wages.

## **DEFENDANTS' CONTENTIONS:**

The claims in Plaintiff's Complaint are unsupported by fact and will be affirmatively rebutted by party and non-party testimony. For instance, the employers to whom Plaintiff applied for work will testify that neither Helton, nor anyone working on his behalf, ever attempted to dissuade them from hiring the Plaintiff. Simply, the evidence will show Plaintiff has never been targeted for retaliation or suffered any torts or deprivations of rights attributable to the Defendants.

The legal theories underpinning Plaintiff's claims are as weak as his facts. Even if Plaintiff could establish that the Defendants somehow negatively affected his job prospects, this does not give rise to a claim for which immunity is waived under the NMCRA or NMTCA. To the extent Plaintiff attempts to bootstrap his August 2021 interaction with Chan Kim into this case, it is barred for failure to provide statutorily-required notice and because it arose out of his employment with the County and such actions are not permitted under the NMCRA.

> List all witnesses who, at this time, you think will either testify or be deposed, giving their name, title, address and a brief summary of their testimony. It is insufficient to list witnesses' addresses, save for clients, "in care of counsel."
>
> List all documents which you believe, at this time, will be exhibits at the trial.
>
> List all experts who you believe, at this time, will testify at the trial, giving their name, address, area of expertise, and a brief summary of the anticipated testimony.

## **PLAINTIFF'S ANTICIPATED WITNESSES:**

Plaintiff lists the witnesses listed by Defendants, as well as all expert and rebuttal and impeachment witnesses. Plaintiff further lists:

1. Corey Helton, Lea County Sheriff
   c/o Benjamin J. Young and Alan J. Dahl
   Mynatt Springer P.C.
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812

   Sheriff Helton is expected to testify about his anger toward Plaintiff after Plaintiff left the Lea County Sheriff's Office ("LCSO"), and what steps Helton took to punish Plaintiff for this perceived disloyalty.  Helton is expected to testify about the orders he provided to Chan Kim around August 2021.  Helton is expected to testify about the IA investigation he opened into Plaintiff and his efforts to decertify Plaintiff as a law enforcement officer. Helton is expected to testify about what he told Plaintiff's supervisor in Germany about Plaintiff.  Helton is expected to testify about his dealings with Lovington PD relating to diverting police resources from Lovington PD if they hired Plaintiff.  Helton is expected to testify about additional steps Helton has taken to harass Plaintiff upon Plaintiff's return to the United States, and Helton's efforts to undermine Plaintiff's employment prospects.

2. Chan Kim, LCSO Chief Deputy
   1417 S Commercial St.
   Lovington, NM 88260
   (575) 396-3611

   Kim is expected to testify about his dealings with Helton and Plaintiff as described in the Complaint, including Kim's visit to Plaintiff's home in August 2021.

3. Michael Walker, LCSO Undersheriff
   1417 S Commercial St.
   Lovington, NM 88260
   (575) 396-3611

   Undersheriff Walker is expected to testify about Helton's efforts to punish Plaintiff for Plaintiff's perceived disloyalty, including an IA investigation.

4. Patrick Burke, Plaintiff
   c/o Benjamin Gubernick
   WGLA, LLP
   717 Texas Ave.
   Houston, TX 77002
   (346) 341-0169

   Plaintiff is expected to testify concerning the subject matter of his Complaint, including the harassment he has suffered from Helton and the difficulty he has had obtaining employment due to Helton's wrath.

5. Tiffeny Delores Burke
   c/o Benjamin Gubernick
   WGLA, LLP
   717 Texas Ave.
   Houston, TX 77002
   (346) 341-0169

   Mrs. Burke is Plaintiff's wife. She is expected to testify about the encounter between Plaintiff and Helton at Home Depot that is referenced in the complaint.

6. David Miranda
   214 S. Love St /P.O. Box 1268
   Lovington, NM 88260
   (575) 396-9303

   Mr. Miranda is expected to testify about Plaintiff's hiring process at the Lovington Police Department, as well as interactions with Helton related to Plaintiff.

7. Preston Hitchcock
   213 S Love St,
   Lovington, NM 88260
   (575) 396-2811

   Mr. Hitchcock is expected to testify about Plaintiff's hiring process at the Lovington Police Department.

## PLAINTIFF'S ANTICIPATED EXPERTS:

<u>Plaintiff may call an expert to testify about his lost wages as a result of Helton's misconduct.</u>

## PLAINTIFF'S ANTICIPATED EXHIBITS:

- Internal LCSO communication regarding Plaintiff and Helton's plan to punish Plaintiff for Plaintiff's perceived disloyalty;
- Helton's communication with Lovington PD relating to the four surplus Ford Interceptors referenced in the Complaint;
- Helton's communication with other employers or potential employers of Plaintiff relating to Plaintiff;
- Relevant LCSO employment and disciplinary files;

**DEFENDANTS' ANTICIPATED WITNESSES:**

1. Corey Helton, Lea County Sheriff
   c/o Benjamin J. Young and Alan J. Dahl
   Mynatt Springer P.C.
   P.O. Box 2699
   Las Cruces, NM 88004-2699
   (575) 524-8812

   Sheriff Helton is expected to testify concerning the subject matter of the Complaint, including the absence of any attempt by Defendants to affect Plaintiff's employment or reputation following his resignation from the County.

2. Chan Kim, Lea County Sheriff's Office ("LSCO") Chief Deputy
   1417 S Commercial St.
   Lovington, NM 88260
   (575) 396-3611

   Chief Deputy Kim is expected to testify concerning the subject matter of the Complaint, including his visit to the Plaintiff's home in August 2021.

3. Michael Walker, LCSO Undersheriff
   1417 S Commercial St.
   Lovington, NM 88260
   (575) 396-3611

   Undersheriff Walker is expected to testify concerning the subject matter of the Complaint, including the events surrounding Plaintiff's resignation and the absence of any attempt by Defendants to de-certify Plaintiff as a law enforcement officer.

4. Victor Hernandez, LSCO Deputy
   1417 S Commercial St.
   Lovington, NM 88260
   (575) 396-3611

   Deputy Hernandez is expected to testify concerning his prior service under Sheriff Helton as a Captain.

5. Sean Roach, LSCO Captain
   1417 S Commercial St.
   Lovington, NM 88260
   (575) 396-3611

   Captain Roach is expected to testify concerning the subject matter of the Complaint, including an internal investigation into misconduct by Plaintiff.

6.  August Fons, Hobbs Chief of Police
    c/o Chelsea R. Green and Richard E. Olson
    Hinkle Shanor LLP
    P.O. Box 10
    Roswell, NM 88202-0010
    (575) 622-6510

    Chief Fons is expected to testify concerning the subject matter of the Complaint, including the absence of any interference by Defendants related to Plaintiff's application for employment.

7.  Shane Skinner, Carlsbad Chief of Police
    602 W. Mermod St.
    Carlsbad, NM 88220
    (575)885-2111

    Chief Skinner is expected to testify concerning the subject matter of the Complaint, including Plaintiff's employment with Carlsbad following resignation from Lea County.

8.  Kelly Christian, Home Depot Employee
    [address unknown]
    (575) 631-9568

    Ms. Christian is expected to testify concerning the subject matter of the Complaint, including Sheriff Helton's encounter with the Plaintiff at Home Depot.

9.  David Miranda, Lovington City Manager
    214 S. Love St.
    Lovington, NM 88260
    (575) 396-2884

    Mr. Miranda is expected to testify concerning the subject matter of the Complaint, including his service as Lovington's chief of police and Lovington's receipt of police vehicles from Lea County.

10. Patrick Burke, Plaintiff
    c/o Benjamin Gubernick
    WGLA, LLP
    717 Texas Ave.
    Houston, TX 77002
    (346) 341-0169

    Plaintiff is expected to testify concerning the subject matter of his Complaint.

11. Any witnesses identified through discovery.

12. Any witnesses for impeachment or rebuttal.

13. Any witnesses necessary for authentication.

14. Any witnesses identified by the Plaintiff.

## DEFENDANTS' ANTICIPATED EXPERTS:

Defendants do not anticipate calling and expert at this time but may call an expert if necessary to rebut expert(s) relied upon by the Plaintiff. Defendants reserve the right to supplement this disclosure in accordance with the Court's Orders, the Federal Rules of Civil Procedure and the Local Rules of the District.

## DEFENDANTS' ANTICIPATED EXHIBITS:

As of the date of this Report, Lea County anticipates it may rely on the following exhibits:

1. Plaintiff's Lea County Personnel File

2. Plaintiff's personnel file from his federal employment

3. Plaintiff's Carlsbad Personnel File

4. Plaintiff's Tax Records

5. Applicant paperwork completed by Plaintiff for various employers in Lea County

6. Internal investigation into misconduct by Plaintiff during LEDA-FBI training

7. August 25, 2021 Memorandum re Burke Communication Concerns

8. City of Hobbs Agreement Authorizing Release of Information

9. Emails re Burke's August 2021 administrative leave

10. Emails re Burke's resignation

11. January 20, 2022 photo of police units delivered to City of Lovington

12. Any other exhibits listed by or later produced or identified by Plaintiff during discovery.

13. Any and all documents or tangible things provided to or relied on by any expert retained by Plaintiff in this matter.

14. Copies of depositions of parties or witnesses.

15. Any exhibits necessary for rebuttal.

## **PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan: *(Use separate paragraphs or subparagraphs as necessary if parties disagree.)*

Discovery will be needed on the following subjects: **all information related to allegations contained in the Plaintiff's Complaint.**

Maximum of **25** interrogatories by each party to any other party. (Responses due **30** days after service).

Maximum of **25** requests for production by each party to any other party. (Responses due **30** days after service).

Maximum of **25** requests for admission by each party to any other party. (Responses due **30** days after service).

Maximum of **10** depositions by each side.

Each deposition (other than of **parties and expert witnesses**) limited to maximum of **4** hours unless extended by agreement of parties.

Reports from retained experts under Rule 26(a)(2) due:

    from Plaintiff by **August 15, 2025.**

    from Defendants by **September 15, 2025**.

Supplementation under Rule 26(e) due in accordance with the Federal Rules of Civil Procedure.

All discovery commenced in time to be complete by **November 4, 2025 (i.e. 180 days from Rule 16 Conference)**.

Other Items:  *(Use separate paragraphs or subparagraphs as necessary if other parties disagree.)*

## PRETRIAL MOTIONS

Plaintiff intends to file: **Motions in Limine**.

Defendants: **Motion for Summary Judgment; Motion in Limine**

## ESTIMATED TRIAL TIME

The parties estimate trial will require **three days**.

\_\_\_\_  This is a non-jury case.

  X   This is a jury case.

The parties request a pretrial conference **at the discretion of the Court**.

## SETTLEMENT

The possibility of settlement in this case is **low**.

The parties request a settlement conference in **four months**.

## EXCEPTIONS

(Where counsel cannot agree to any recitation herein, exceptions shall be listed.)

APPROVED WITHOUT EXCEPTIONS:

WGLA, LLP


 /s/  Electronically Approved  4-24-25
BENJAMIN GUBERNICK
CURTIS WALDO
717 Texas Ave., Suite 1200
Houston, TX 77002
(346) 394-8056
ben@wglawllp.com
curtis@wglawllp.com
*Attorneys for Plaintiff*



MYNATT SPRINGER P.C.

_____
BENJAMIN J. YOUNG
New Mexico Bar No. 144702
ALAN J. DAHL
New Mexico Bar No. 148072
P.O. Box 2699
Las Cruces, New Mexico 88004-2699
(575) 524-8812
bjy@mynattspringer.com
ajd@mynattspringer.com
*Attorneys for Defendants*