## IN THE UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**PATRICK BURKE,**

       **Plaintiff,**

                                  **Cause No. 2:24-cv-00601 JHR-GBW**

**v.**

**LEA COUNTY BOARD OF**
**COUNTY COMMISSIONERS,**
**and COREY HELTON,**

       **Defendants.**

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS [Doc. 44]

Defendants Lea County Board of County Commissioners (the "Board") and Corey Helton, by and through counsel of record MYNATT SPRINGER P.C. (Benjamin J. Young and Alan J. Dahl), hereby respond in opposition to *Plaintiff's Motion for Sanctions Against Lea County Board of County Commissioners* [Doc. 44] (the "Motion for Sanctions") and state as follows:

### INTRODUCTION

In its Motion for Sanctions, Plaintiff accuses the Defendants of "refus[ing] to attend the September 25, 2025, settlement conference in good faith," and asks the Court to sanction the Board. This is a twisting of reality. The Board never refused to attend the settlement conference or act in good faith. All it did was notify opposing counsel that it was not prepared to authorize settlement and request a status conference concerning the settlement conference that had been scheduled for September 25. What is more, it did so twenty-one days before the settlement conference was to take place. The Board should not be punished for its candor and the Plaintiff's frivolous Motion for Sanctions should be denied.

## BACKGROUND

At a three-minute Rule 16 Conference held on May 20th, the Parties agreed to a settlement conference on September 25, 2025, in Las Cruces. [*See* Doc. 27]. Thereafter, the Court issued its *Order Setting Settlement Conference*, outlining the deadlines and expectations relating to the conference. [*See* Doc. 29].

As litigation progressed and the date for mediation approached, the Board met in executive session to discuss this litigation as well as a settlement conference to take place in the case of *Blanchard v. Lea County Board of County Commissioners*, Case Number 2:24-cv-00900-KWR-GJF, which was set for September 3, 2025. During the *Blanchard* settlement conference, Defense counsel was notified that the Board had determined that it was not interested in settling this case. The next morning, September 4, 2025, Defense Counsel notified both the Court and Plaintiff of its client's position and requested a status conference to discuss the issue. *See* Doc. 44 at 2 (Email from Benajmin Young to Benjamin Gubernick); Email from Benjamin Young to Judge Gregory B. Wormuth (Sept. 4, 2025, 10:41 MST). This open approach was undertaken to avoid wasting the time and resources of the Parties and the Court on a settlement conference that was unlikely to succeed. Rather than respond reasonably to this communication, Plaintiff filed his Motion for Sanctions. [*See* Doc. 44].

On September 10, 2025, the Court held a status conference to discuss vacating the settlement conference. [*See* Doc. 45]. During that conference, the Court acknowledged that the settlement conference had been scheduled for early in the litigation and that rescheduling for after dispositive motion practice could be effective. [*See c.f.* Doc. 45]. At no point did Defense counsel indicate that the Defendants were unwilling to attend a settlement conference; only that no authority had yet been given to settle. To ensure those with full settlement authority could be

involved, the Court and Defense discussed the option of having the full Board attend a future settlement conference. [*See* Doc. 45]. Following this discussion, the Court ordered that a new settlement conference be scheduled following the resolution of any dispositive motion practice. [*See* Docs. 45-46].

## LEGAL STANDARD

Rule 16 of the Federal Rules of Civil Procedure governs pretrial conferences, including settlement conferences. *See* Fed. R. Civ. P. 16(c). This Rule is not meant to "impose settlement on unwilling litigants" but does allow for sanctions where a party that does not participate in good faith in a pretrial conference. *See Griego v. Douglas*, 264 F. Supp. 3d 1109, 1112 (D.N.M. 2017) (quoting Fed. R. Civ. P. 16(c) advisory committee's notes to 1983 amendment); Fed. R. Civ. P. 16(f)(A). Under the Local United States District Court Rules, parties are expected to participate in a settlement conference unless otherwise ordered by the Court. *See* D.N.M. LR-CV 16.2(a). However, when a settlement conference has been set, a party may request to be excused from the settlement conference so long as they make the request in writing, "at least seven (7) days before the conference or as ordered by the court." *See* D.N.M. LR-CV 16.2(d). In its *Order Setting Settlement Conference* [Doc. 29], the Court further advised the Parties "as the settlement conference approaches, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason . . . the parties should contact chambers to schedule a status conference to discuss the concern." [*See* Doc. 29 at 6].

## ARGUMENT

By notifying the Plaintiff and Court well in advance of the September 25th Conference of its reluctance to settle, the Board did not act in bad faith; it did not refuse the attend; and, it in no way prejudiced the Plaintiff. Rather, it acted in good faith to avoid wasting the time and resources

of the Parties and the judiciary. If sanctions are to be imposed, they should be imposed upon the Plaintiff for wasting the Defendants' and this Court's time with this frivolous motion practice.

Looking at the timeline of events, it should be obvious that the Defense acted in good faith to save the time and resources of everyone involved in this litigation, including the Court. Early in the litigation, before a full picture of the merits (or lack thereof) of the Plaintiff's claims could be assessed, the Defendants agreed to a September 25th settlement conference. However, as that settlement conference date approached and the Board evaluated the case, it determined that it was not prepared to settle. Rather than having the Plaintiff come to Las Cruces from his home in Seminole, Texas, and his attorney or attorneys travel from their out-of-state residences, Defense Counsel notified them that the planned settlement conference may not be worthwhile. This notification was not given a day before the settlement conference or even a week before the settlement conference. It was given twenty-one days prior to the conference, within one day of Defense Counsel learning of their clients' position, and before Plaintiff could even serve his demand. The Board could have allowed the Plaintiff to provide a demand in anticipation of the Settlement Conference, only to respond that it was unwilling to settle; but instead, Defense Counsel gave the Plaintiff's Counsel the professional courtesy of advanced notice of the Board's position.

The Board's good faith is further demonstrated by its dealings with the Court. In keeping with the provisions of D.N.M. LR-CV 16.2 and the *Order Setting Settlement Conference* [Doc. 29], the Board gave the Court three weeks' advanced notice, in writing, that it did not believe the negotiations would be fruitful and requested a status conference. Through that status conference, the Court and the Parties were able to develop a plan for mediation that is more likely to be successful than simply forcing attendance at the September 25th Conference.

The results of the status conference belie Plaintiff's contention that the Board has refused to participate in a settlement conference. While it is true that the Board is not currently interested in settling (as is its absolute right), it has agreed to a later settlement conference following the resolution of all dispositive motion practice. Further, in the interest of creating a productive settlement conference, it was suggested that the Board might attend a future conference so it can hear the Judge's thoughts on this case. *See* Doc. 45 at 2. These are not the actions of a party attempting to act in bad faith.

Finally, sanctions are unwarranted as Plaintiff has not been prejudiced by being notified of the Board's position. If anything, the Board has saved the Plaintiff time and resources he would otherwise have spent at the settlement conference. Notwithstanding this, Plaintiff's Counsel claims that they should be paid for time spent preparing for the conference. To the degree Plaintiff's Counsel spent time preparing for a conference that was still three weeks away, their efforts were presumably directed at formulating an initial demand. In civil litigation, it is common practice to prepare a demand, regardless of whether there will be formal mediation. Further, there is no reason why Plaintiff cannot still serve that demand. The idea that Plaintiff's Counsel's time was somehow wasted, is unfounded. Additionally, the settlement conference, though vacated, will still take place at a later date—if the Board cannot first obtain dispositive relief—and any efforts to prepare for the September 25th Conference should easily carry over to the next conference.

## CONCLUSION

Although the Plaintiff has accused the Board of "repugnant behavior," all the Board has done is notify the Plaintiff and the Court, in good faith, that the September 25th settlement conference would likely be fruitless. In doing so, the Defense has saved all parties involved, but especially the out-of-state Plaintiff and his out-of-state counsel, time and resources that would go

into a settlement conference in Las Cruces. The Plaintiff's Motion for Sanctions should be denied, and the Court should award the defense its attorney's fees for having to engage in such frivolous motion practice.

Respectfully submitted,

MYNATT SPRINGER P.C.

BENJAMIN J. YOUNG
New Mexico Bar No. 144702
ALAN J. DAHL
New Mexico Bar No. 148072
P.O. Box 2699
Las Cruces, NM 88004-2699
(575) 524-8812
bjy@mynattspringer.com
ajd@mynattspringer.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of September 2025, a true and correct copy of the foregoing was served on the following via the CM/ECF System:

Benjamin Gubernick
ben@gubernicklaw.com

Curtis Waldo
curtis@gubernicklaw.com
*Attorney for Plaintiff*

BENJAMIN J. YOUNG
ALAN J. DAHL