IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PATRICK BURKE,

     Plaintiff,

v.                                  Civ. No. 24-601 JHR/GBW

LEA COUNTY BOARD OF
COUNTY COMMISSIONERS and
COREY HELTON,

     Defendants.

## ORDER DENYING MOTION FOR SANCTIONS

THIS MATTER comes before the Court on Plaintiff's Motion for Sanctions Against Defendant Lea County Board of County Commissioners ("Defendant"). *Doc. 44*. For the reasons that follow, the motion is denied.

### I.    Background

On May 22, 2025, following the Rule 16 scheduling conference, the Court issued an order setting a settlement conference for September 25, 2025. *Doc. 29*. On September 4, 2025, Defendant's counsel emailed Plaintiff's counsel to explain that, following a discussion with his client, he had learned there might be no settlement authority available for the scheduled conference. *See doc. 44* at 2. On the same day, Defendant's counsel emailed the Court to request a brief status conference for the same reason. A status conference was held on September 10, 2025. *Doc. 45*. The Court determined that

the settlement conference should be vacated, to be reset after dispositive motions were resolved. *Id.; doc. 46.*

## II.    Rule 16(f) Sanctions

Plaintiff moves for sanctions under Rule 16(f), which states:

On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party or its attorney:
(A) fails to appear at a scheduling or other pretrial conference;
(B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or
(C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f)(1).  Plaintiff requests sanctions on the basis that Defendant "fail[ed] to attend a settlement conference in good faith." *Doc. 44* at 4.  Presumably, therefore, Plaintiff believes Defendant's conduct implicated sections (A) and (B) of Rule 16(f)(1).

The Court finds neither section applies here.  Defendant did not fail to appear at a conference; counsel properly notified the Court and opposing counsel of the settlement authority issue on September 4, 2025, 21 days before the scheduled conference, which was then vacated.  *C.f. Lucero v. United States*, Civ. No. 0-357 MV/LFG-ACE, 2001 U.S. Dist. LEXIS 28424, at *7–9 (D.N.M. Oct. 29, 2001) (imposing sanctions where a party did not attend the settlement conference or request permission to be excused).  Nor did Defendant participate in a settlement conference in bad faith; on the contrary, the timely notification to the Court averted the possibility that Defendant might attend the conference with no intention of settling.  Defendant's

actions complied specifically with the Order Setting Settlement Conference, which

directed:

> As the settlement conference approaches, if either party believes that
> negotiation attempts would not be fruitful at the time set for the
> conference for any reason (e.g. insufficient discovery or a need to wait on
> the resolution of a dispositive motion), the parties should contact
> chambers to schedule a status conference to discuss the concern.

*Doc. 29* at 6.  The Court therefore finds no authority to issue sanctions under Rule 16(f).

Nor did Defendant otherwise act improperly, in bad faith, or in contravention of

the Federal Rules.  Plaintiff admits that Defendant was under no obligation to settle the

case but contends that Defendant should have communicated its unwillingness to settle

at an earlier date.  *Doc. 44* at 4–5.  Plaintiff highlights the absence of "earthshattering

discovery revelations" or dispositive motions that would cause the Board to change its

position.  *Id*. at 5.  However, Defendant's response brief explains that the Board met in

executive session prior to the settlement conference in *Blanchard v. Lea Cnty. Bd. of Cnty.*

*Comm'rs*, Civ No. 24-cv-900 KWR/GJF, a separate case involving both Plaintiff and

Defendant.  *Doc. 49* at 2.  During the *Blanchard* settlement conference on September 3,

2025, counsel was notified that the Board had determined it was not interested in

settling the present case.  *Id*.  Counsel promptly notified Plaintiff and the Court on the

following day.

Nothing in the record or briefing plausibly suggests that Defendant made this

decision in bad faith, or to mislead Plaintiff into preparing for the conference.  And

although Plaintiff suggests that sanctions are appropriate if the Board "simply changed its mind," *doc. 44* at 5, there is no authority for this proposition. On the contrary, a party may change its mind about settlement at any time, and sanctions are inappropriate where the party timely notifies the court of its change in position. *See, e.g., Guillory v. Domtar Indus.*, 95 F.3d 1320, 1334–35 (5th Cir. 1996) (finding Rule 16(f) sanctions appropriate where the party "pretend[ed] to support settlement while never intending to settle the case," and noting that "at any time before the settlement conference [the party] could have informed the court of its position and the court would have canceled the conference"); *Domann v. Vigil*, Civ. No. 99-192 LH/JHG, 2000 U.S. Dist. LEXIS 23792, at *4–5 (D.N.M. July 6, 2000) (finding no basis for sanctions where the defendant "had decided not to authorize settlement and informed the Court prior to the settlement conference of her intent not to settle").

Finally, the Court notes that Plaintiff's contention he "relied" on Defendant's "promise" to prepare for the settlement conference, *doc. 44* at 3, is misguided. Plaintiff was required to prepare for the conference by Order of this Court and had no discretion to do otherwise, regardless of Defendant's representations. Plaintiff's motion is therefore denied.

## III.    Attorney Fees

Defendant requests an award of attorney fees on the basis that the motion for sanctions is frivolous. *Doc. 49* at 4, 6. By submitting a written motion to the Court, an

attorney certifies that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2). The Court may impose an appropriate sanction "after notice and a reasonable opportunity to respond" if it determines Rule 11(b) has been violated. Fed. R. Civ. P. 11(c)(1). While another party may move for sanctions, the motion "must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). The district court has "broad discretion" in determining whether to impose Rule 11 sanctions. *King v. Fleming*, 899 F.3d 1140, 1148 (10th Cir. 2018) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 407 (1990)).

As an initial matter, Defendant's fee request does not fulfill Rule 11(c)'s separate motion requirement. *See* Fed. R. Civ. P. 11(c)(2); *Henderson v. BJ's Rest*, Civ. No. 19-1002 KG/LF, 2020 U.S. Dist. LEXIS 64700, at *10 (D.N.M. Apr. 13, 2020) ("Plaintiff's request in her response to impose Rule 11 sanctions does not fulfill the separate motion requirement."). But setting that procedural issue aside, the Court does not find a fee award would be appropriate in this instance. Although the Court agrees that Plaintiff's motion for sanctions is meritless, Plaintiff's counsel made at least some effort to justify his position with legal argument. The Court therefore declines to award fees and trusts this ruling—without the additional motivation of sanctions or fees—will be sufficient to deter future, similar motions by Plaintiff's counsel. *See King*, 899 F.3d at 1149–50

("[A]ny interpretation [of Rule 11] must give effect to the Rule's central goal of deterrence." (quoting *Cooter & Gell*, 496 U.S. at 393) (alteration in original)).  Defendant's request for attorney fees is accordingly denied.

## IV.    Conclusion

For the foregoing reasons, Plaintiff's Motion for Sanctions Against Defendant Lea County Board of County Commissioners (*doc. 44*) is DENIED.  Defendant Lea County Board of County Commissioners' request for attorney fees, *see doc. 49*, is also DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE